**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Baker, III,<br><br>    Petitioner,<br><br>v.<br><br>United States of America,<br><br>    Respondent. | No. CV-20-00919-PHX-DJH<br>No. CR-17-00834-PHX-DJH<br><br>**ORDER** |

Pending before the Court is Movant Charles Baker, III's ("Movant") Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. 1) (the "Motion") to which Respondent the United States, filed a Response (Doc. 9). Defendant did not file a reply. United States Magistrate Judge Eileen S. Willett issued a Report and Recommendation ("R&R") (Doc. 10), recommending that Defendant's Motion be denied. (*Id*. at 15). Movant filed a "Response to 2255", which this Court will construe as an Objection to the R&R (Doc. 11). Respondents have not replied.

**I.    The R&R**

In her R&R, Judge Willett, set forth a detailed factual and procedural background of Movant's case. (*See* Doc. 10 at 1-2). The Court repeats that background here for context only. *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection."). As stated in the R&R:

> On October 2, 2018, Movant signed a plea agreement in which

Movant agreed to plead guilty to the crime of Conspiracy to Possess with Intent to Distribute 500 Grams or More of Methamphetamine, a Controlled Substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii). (CR Doc. 173). The plea agreement's "Waiver of Defenses and Appeal Rights" provision (the "Waiver Provision") states that:

> The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petition), and any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

(*Id.* at 5) (emphasis added).

The plea agreement also provides that Movant understood and agreed to the agreement's terms and conditions, entered into the plea voluntarily, and that Movant was satisfied with his counsel's representation. (*Id.* at 9-10).

On October 2, 2018, the Court held a change of plea hearing. (CR Doc. 103). After the Court completed the plea colloquy pursuant to Rule 11 of the Federal Rules of Criminal Procedure, Movant pled guilty to Conspiracy to Possess with Intent to Distribute 500 Grams or More of Methamphetamine. (Id. at 27-28). The Court found that Movant knowingly, intelligently, and voluntarily entered a plea of guilty. (Id. at 28). The Court accepted and entered Movant's guilty plea, but deferred acceptance of the written plea agreement. (Id.). The Court accepted the written plea agreement at the November 4, 2019 sentencing hearing. (CR Doc. 191 at 2). The Court sentenced Movant to 210 months in prison, followed by a five-year term of supervised release. (Id. at 26).

On May 8, 2020, Movant timely filed the § 2255 Motion (Doc. 1), which contains four grounds for relief. In its Screening Order, the Court

dismissed Grounds Two and Three and required the Government to respond to Grounds One and Four. (Doc. 3 at 4).

(Doc. 10 at 1-3).

Movant's Ground One alleged that his trial counsel "would not file any suppression motion at my request. Specifically the traffick [sic] stop, would not move for a hearing on the issues I requested. I was misled to beleive [sic] that I had a mandatory sentence of 20 years." (Doc. 1 at 5). After a thorough analysis, in which she correctly applied the standards in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), Judge Willett found that Ground One was without merit and that Movant had not shown "there was a colorable issue that his counsel could have raised in a motion to suppress or other motion." (Doc. 10 at 7).

Movant's Ground Four alleged that his counsel was ineffective for allegedly failing to notify him about the First Step Act of 2018, because that Act would have "changed the plea." (Doc. 1 at 5). Judge Willett found that Ground Four was foreclosed by the plea agreement's Waiver Provision, which manifested Movant's knowing, intelligent, and voluntary waiver of his right to collaterally attack his conviction and sentence. She specifically noted that "The enactment of the First Step Act after Movant's plea agreement does not permit Movant to invalidate his knowing, intelligent, and voluntary waiver of appellate/collateral attack rights." (Doc. 10 at 9).

## II.   Objection

Movant filed a three-page Objection to the R&R (Doc. 11). Therein, he states that "The 2255 motion was timely and never ruled on" and conclusively asserts that he has shown a violation of his right to effective assistance of counsel, and that there was "a breach contract." (*Id.* at 1-2).

## III.   Standard of Review

This Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which" Petitioner objects. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.");

- 3 -

*United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (same). In doing so, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). At the same time, however, the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all. . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1989); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) ("Of course, *de novo* review of a R&R is only required when an objection is made to the R&R"). Objections are to the R&R, and are not to "be construed as a second opportunity to present the arguments already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp.2d 32, 34 (D.P.R. 2004). It is well-settled that "'failure to object to a magistrate judge's factual findings waives the right to challenge those findings[.]'" *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015) (quoting *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (internal quotation marks omitted) (footnote omitted)).

To enable district court review of an R&R, Rule 72(b)(2) also has a specificity requirement: namely, it requires parties make "*specific* written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(2) (emphasis added). "[A]lthough the Ninth Circuit has not yet ruled on the matter, other circuits and district courts within the Ninth Circuit have held when a petitioner raises a general objection to an R&R, rather than specific objections, the Court is relieved of any obligation to review it." *Martin v. Ryan*, 2014 WL 5432133, at *2 (D. Ariz. 2014) (citing *See, e.g., Warling v. Ryan*, 2013 WL 5276367, at *2 (D. Ariz. 2013) ("[A] general objection 'has the same effect as would a failure to object.'")); *Gutierrez v. Flannican*, 2006 WL 2816599 (D. Ariz. 2006) (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). *See also McCullock v. Tharratt*, 2017 WL 6398611, at *1 (S.D. Cal. Dec. 15, 2017) ("[G]eneralized or blanket objections do not trigger the *de novo* requirement.").

**IV.   Analysis**

Petitioner has not triggered *de novo* review because, as is readily apparent, his

objections lack the requisite specificity. Petitioner's objection that his timely "motion was never ruled on" is simply incorrect, and his general contentions that he has shown "a violation of [his] constitutional rights" and that "there was a breach of contract" does not provide this Court for any meaningful basis for review. Petitioner does not articulate which, if any, statements in the R&R he is referring to, or why he objects to these findings and conclusions. Further, where, as here, Petitioner's objections fail to identify a flaw in the R&R's analysis, they have the same effect as would a complete failure to object. Indeed, if this Court were to undertake *de novo* review of Petitioner's general objections, it would defeat the "obvious purpose" of the specific objection requirement, which "is judicial economy—to permit magistrate judges to hear and resolve matters not objectionable to the parties." *See Warling*, 2013 WL 5276367, at *2 (*citing Thomas*, 474 U.S. at 149; *Reyna–Tapia*, 328 F.3d at 1121). "Because *de novo* review of an entire R&R would defeat the efficiencies intended by Congress, a general objection "has the same effect as would a failure to object." *See id.* (*citing Howard*, 932 F.2d at 509; *Haley v. Stewart*, 2006 WL 1980649, at *2 (D. Ariz. 2006)). In light of the foregoing, the Court has no obligation to review Petitioner's general objections to the R&R. *See id.* at *2 (*citing Thomas*, 474 U.S. 149).

      Although the Court could simply accept the R&R based upon this case law, it did not. The Court reviewed the R&R, the various exhibits referenced therein, and the applicable law. After so doing, the Court is left with the firm conviction that Magistrate Judge Willett's recommendations are well taken and are supported by a correct application of the law throughout. Accordingly,

      **IT IS ORDERED** that Magistrate Judge Willett's Report and Recommendation (Doc. 10) is **ACCEPTED** and **ADOPTED** as the Order of this Court.

      **IT IS FURTHER ORDERED** that the § 2255 Motion (Doc. 1) is **DENIED**.

…

…

…

**IT IS FINALLY ORDERED** that the Clerk of the Court shall terminate this action and enter judgment accordingly.

Dated this 17th day of May, 2021.

_____
Honorable Diane J. Humetewa
United States District Judge